IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RADLEY SONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-cv-2925 |
| vs. | § | |
| | § | |
| SOLERA HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | <u>JURY TRIAL DEMANDED</u> |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Radley Soni ("Soni" or "Plaintiff") and files this his Original Complaint against Solera Holdings, Inc. ("Solera" or "Defendant") and in support thereof would show the Court as follows:

### I.

### Introduction

1.01   Plaintiff would show that he was wrongfully discharged under 42 U.S.C. §1981, for civil rights violations under Title VII, for violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), and in retaliation for opposing unlawful discrimination. He asserts similar claims under state law.

### II.

### Parties

2.01   Soni is an individual currently residing in the State of California, although he resided in Texas at the time of the events alleged herein.  He may be contacted through the undersigned counsel.

2.02   Defendant Solera Holdings, Inc. is a Delaware corporation with its headquarters located at 7 Village Circle, Suite 100, Westlake, TX 76262 according to records filed with the Texas Secretary of State.  Defendant may be served with process by service upon its registered agent for service in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.

## Jurisdiction and Venue

3.01   Pursuant to 28 U.S.C. §1331, jurisdiction of this Court is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law.  The trial court has supplemental jurisdiction over Plaintiff's state law claims.

3.02   Venue for all causes of action stated herein lies in the Northern District of Texas because Title VII includes a specific venue provision that states in relevant part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.  *Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed*, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment action....

42 U.S.C. §2000e-5(f)(3)(*emphasis added*).  Since all or part of the events complained of herein occurred within the State of Texas, venue is proper in the Northern District of Texas.

## IV.

## Factual Allegations

4.01    Plaintiff was a Sales Manager working for Defendant Solera, and supervising sales employees.  Plaintiff was 43 years old at the time of the events described below, and is of

Hispanic ancestry. His immediate supervisor was Scott Henderson, a white male under 40.

    4.02    During week of October 1st, 2019, a co-worker made a joking comment about fried chicken and black people. Plaintiff was offended, and thought other sales employees under his direction might also have been offended.

    4.03    During weeks of November 6 and 11, 2019, Plaintiff spoke with Shelley Gurrola (HR rep) to address a few of his concerns he had with Scott Henderson and how he felt Henderson was singling and targeting Plaintiff out in front of his peers during daily sales management meetings.

    4.04    On or about December 20th, 2019, Plaintiff sent an email to Chief People Officer Ron Massey about Scott Henderson's retaliation against him.

    4.05    On or about December 27, 2019, Plaintiff did not receive his bonus and an explanation was never given for why he did not receive it or when and if he would receive it. Prior to this Plaintiff had complained to HR about his Supervisor for harassing him and issues concerning the fairness of other employees' back pay.

    4.06    On approximately January 7, 2020, Plaintiff tried to file a formal complaint with HR, but they were unresponsive until January 10, 2020 when finally the Senior Director of HR responded stating that she was traveling. Meanwhile, Chris Hollingsworth stated the company's "target market is old white men who support Trump."

    4.07    On or about January 8, 2019, Plaintiff was written up by his supervisor, Scott Henderson, stating that Plaintiff did not follow the proper channels of communication (by complaining to HR).

    4.08    On or about January 10, 2020, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 450-2020-01899) alleging race, color, national origin (Hispanic) and age

discrimination. On January 13, 2020 the employer received notice that Plaintiff had filed a Charge with the EEOC based on race harassment. A "right to sue letter" on the complaint of harassment was issued the same day.

4.09    On or about January 15, 2020, Plaintiff learned Chris Hollingsworth said a derogatory joke in reference to moving to our new office.  He joked "we finally got Trump to build that wall to keep the other side of the office away from the sales department".  This was the second time that Chris Holingsworth made a racial joke referencing Donald Trump and Mexicans.  The office was divided and on the other side of where the "NEW WALL" was built was mostly occupied by employees of Indian ethnicity. Plaintiff sent an email to Ron Massey (HR) complaining about how Chris Hollingsworth and Scott Henderson were treating him and how they both said discriminating and/or ethnic innuendos/jokes.

4.10    On or about February 5, 2020, Defendant fired Plaintiff in retaliation for filing an EEOC Charge and HR complaints.  At 43, Plaintiff was the second oldest sales manager at the time.  Three inside sales managers 40 or over were let go, and Plaintiff's position was filled by a white replacement with no management experience in his 30's.

## V.

## First Count

## Age Discrimination

5.01   Plaintiff incorporates the foregoing provisions as though set forth herein verbatim.

5.02   Plaintiff is an individual who was approximately forty-three (43) years of age at the time of termination, and who was perceived by Defendant as being unable to perform his duties because of his age.

5.03    Defendant employs in an industry affecting interstate commerce twenty (20) or more

employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year. Accordingly, it is subject to the provisions of the ADEA as well as the Texas Labor Code (which requires only 15 employees). Plaintiff is qualified to perform the essential functions of his former job.

5.04   Defendant has intentionally discriminated against Plaintiff because of his age by exhibiting bias toward Plaintiff, treating Plaintiff in a discriminatory manner compared with his younger peers, and discharging Plaintiff.

5.05   Plaintiff has filed a charge of discrimination with the EEOC. His claim under state law has matured and the EEOC has issued a notice of right to file civil action.

5.06   Defendant engaged in a single continuous course of conduct of discrimination against Plaintiff because of Plaintiff's age, and because Plaintiff complained about such discrimination.

5.07   Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, other non-pecuniary losses and compensatory damages under state law. Further, this discrimination was willful. Plaintiff is therefore also entitled to recover liquidated damages under federal law. Plaintiff is also entitled to recover all costs of court and attorney's fees.

## VI.

## Second Count

### Race Discrimination in Violation of 42 U.S.C. § 1981

6.01   Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

6.02    Defendant has deprived Plaintiff of his right to full and equal benefit of regulations and of all laws and proceedings concerning the security of Plaintiff's employment because of Plaintiff's race in violation of 42 U.S.C. § 1981. Because Plaintiff's claims concern different treatment during the pendency and upon the termination of the employment, Plaintiff's claims are subject to the four year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004).

6.03    Plaintiff, an Hispanic male worker, was treated differently than employees of other races, as generally described above. Specifically, Defendant expressed a preference for Caucasian, non-Hispanic workers, and then fired Plaintiff when he complained about it.

6.04    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Defendant failed or refused to investigate and discipline employees who engaged in racially discriminatory behavior and comments. Plaintiff is therefore also entitled to recover punitive damages in an amount in excess of the minimum jurisdictional limits of this forum. Plaintiff also seeks to recover all costs of court, attorneys' fees and expert fees.

VII.

**Count Three**

**Race Discrimination  under Title VII and Texas Labor Code**

7.01    The foregoing paragraphs of this Complaint are incorporated in this count by reference as if set forth at length herein.

7.02    Defendant employs more than fifteen employees and is an employer within the meaning of Title VII and the Texas Human Rights Act.

7.03    Plaintiff has timely filed his charge of discrimination jointly with the EEOC and the Texas Workforce Commission Civil Rights Division within one hundred eighty (180) days of his termination. Plaintiff has received a "right to sue" letter from the EEOC, and brings this suit within 90 days of receipt of that letter. All conditions precedent to filing this action for discrimination under Texas state law have been met.

7.04    On information and belief based upon the actions of Defendant's employees toward Hispanic employees, the Defendant has violated Title VII and the Texas Human Rights Act, Texas Labor Code §21.001 *et seq.* by discharging Plaintiff and/or discriminating against Plaintiff in connection with the compensation, terms, conditions or privileges of employment because of Plaintiff's Hispanic race and national origin.

7.05    Such discrimination against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights.  Plaintiff is therefore also entitled to punitive damages in a sum which is in excess of the minimum jurisdictional limit of this court.  Plaintiff is also entitled to recover all costs of court, attorney's fees and expert fees as allowed by Title VII and Texas Labor Code §21.259.

## VIII.

## Count Four

## Retaliation

8.01    Plaintiff hereby incorporates the foregoing paragraphs by reference as though set forth herein verbatim.

8.02    Plaintiff was an employee within the meaning of the Title VII and the ADEA. Plaintiff was also an employee under the Texas Labor Code, and is protected from retaliation under 42 U.S.C. § 1981.

8.03    Defendant was an employer within the meaning of the ADEA and Title VII. Defendant was also an employer under the Texas Labor Code.

8.04    Plaintiff timely filed with the EEOC a Charge of Discrimination for retaliation against Defendant.  Plaintiff filed another Charge after being terminated. Plaintiff received a Notice of Right to Sue from the EEOC on the latter charge and also has requested a Notice of Right to File a Civil Action from the TWC.

8.05    Defendant fired Plaintiff in whole or in part for retaliation about his complaint of discrimination on the basis of age and/or race in violation state and federal laws.

8.06    As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages including back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, and seeks to recover for those damages.

8.07    Defendant's action in taking retaliation against Plaintiff for his complaints of discrimination was intentional, willful and malicious, and Plaintiff is entitled to recover exemplary damages and/or liquidated damages.

8.08    Plaintiff is further entitled to recover reasonable and necessary attorney's' fees for the prosecution of the claim.

IX.

## Jury Trial Demanded

9.01    Plaintiff hereby demands trial by jury of all claims to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

1. Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future damage to reputation;

2. Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

3. An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in an amount proven at trial;

4. An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

5. Prejudgment and post-judgment interest at the maximum legal rate;

6. Attorney's fees;

7. Expert fees;

8. All costs of court; and

9. Such other and further relief to which Plaintiff may be justly entitled.

DATE: September 22, 2020.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: /s/ *John H. Crouch, IV*

JOHN H. CROUCH, IV
State Bar No. 00783906
jhc@kilgorelaw.com

3109 Carlisle, Suite 200
Dallas, TX  75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF,
RADLEY SONI**